REUTZEL *v.* McKINNEY.

Decided May 9, 1891.

*Estoppel—Declaration.*

> A representation by a tenant in common that he had sold his interest to his
> cotenant will not estop him from asserting title to his moiety, where the
> representation was made in good faith to one who applied to rent the
> land, though he subsequently purchased it.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

JOHN S. LITTLE, Judge.

Wall and McKinney were tenants in common of a tract of land. Wall executed to Gill a deed purporting to convey the entire tract of land, and delivered possession. Gill conveyed the land to Reutzel. McKinney brought ejectment for an undivided half interest in the land.

Upon the trial of the cause the defendant relied upon the defense of estoppel, growing out of the declarations and conduct of plaintiff. Upon that question the evidence stands as follows: William H. Gill, defendant's vendor, after detailing the circumstances of the purchase of the property by him from Wall and the payment of the money by him, says: "Prior to the time I purchased the property from Wall, I had a conversation with the plaintiff, McKinney, in regard to the matter. It was only a few days before the purchase. It was at the plaintiff's house. I told him that I wanted to rent the property. He said that he had nothing to do with it—it was Wall's; and that he had sold it to Wall. I then went to Van Buren to see Wall, and made him an offer for the property, and he told me that he would meet me at Fort Smith on a certain day. I met him there and closed the trade. The consideration for the property was $275, of which $175 was cash, the balance due in one year. In the conversation I had with Mr. McKinney before I bought the property, he told me that I could purchase the property from Wall, as Wall wanted to sell it."

S C—30

Again witness stated: "I made no further investigation of Wall's title to the property because Mr. McKinney had told me that Wall was the owner of the property, and I relied upon his statement in making the deal with Wall. If I had supposed that McKinney had had any interest in the property, I would not have taken a deed from Wall alone." Defendant Reutzel also testified that plaintiff had stated to him, before and after the sale of the property by Wall to Gill, that the property belonged to Wall; that, at the time he purchased the property, Gill was in possession of it.

Plaintiff testified in his own behalf that he remembered the conversation between Gill and himself in regard to renting of the property; that Gill spoke to him about renting it; that he did not know Gill wanted to buy it. When Gill spoke to him about renting the property, witness told him to go to Wall, but did not tell him that Wall wanted to sell. That he *did not at the time know whether Wall wanted to sell or not.*

A decree was rendered for the plaintiff, in which the court held as follows: "That the declarations of said Charles D. McKinney to said W. H. Gill and Henry Reutzel, as established by the evidence, do not estop said plaintiff from setting up his title to said lands, nor does his conduct prior or subsequent to such declarations amount to an estoppel."

*Clendenning & Read* for appellant.

The facts in this case constitute an equitable estoppel. Herman on Est. and Res. Adj., vol. 2, p. 909; *ib.*, p. 863; 10 S. W. Rep., 365; 3 Litt. (Ky.), 340, 351; 23 Ark.. 468; Bigelow on Estoppel, p. 627; 103 Mass., 501; 2 Ex., 558.

*B. A. Youmans* and *L. P. Sandels* for appellee.

The facts in this case do not amount to an estoppel. 106 U. S., 437; 93 *id.*, 336; 109 Mass., 53; 18 Wall., 271; 14 Cal., 368; 26 *id.*, 23; 10 Pa. St., 531; 28 Me., 239; 6 Hill, 616; 1 Curtis, C. C., 136; 3 Watts, 240; 4 Harr., 361; 33 Ark., 468.

HEMINGWAY, J. A "representation in order to work an ·estoppel must be of a nature to lead naturally, *i. e.*, to lead a man of prudence, to the action taken." Bigelow on Est., p. 572. The question in this case is, Where the party setting up the estoppel applied to the party against whom it is set up to rent land, and was told that he had sold to another and had nothing to do with renting it, does this representation naturally lead a prudent man to purchase the land of such third party without making further inquiry as to the rights of the person who had made the representation?

Estoppel by declaration.

Persons having the beneficial ownership of land usually control the renting of it, and those desiring to rent go to them to obtain leases. Persons holding liens or equitable charges do not generally act in making leases, and renters seldom take account of their interests. Gill's question and McKinney's answer should be interpreted in the light of this fact. For when McKinney stated that he had sold the land to Wall, Gill had only indicated a desire to rent it, and this called upon McKinney to make only such disclosures as he might fairly understand would be expected by one contemplating renting, but it did not call for a disclosure of further facts which would be deemed material only to one contemplating a purchase of the land. Upon the representation made, Gill was warranted in concluding that McKinney had no interest in the land which would authorize him to rent it, and that Wall was authorized to rent it as against him. But as one desiring to rent would not ordinarily be concerned about the liens or reserved rights of the vendor of his lessor, the proposition made would not naturally call for a disclosure as to such rights, and the representation should be construed in connection with the proposition. McKinney made the representation without any design to misrepresent the facts, and, as the record discloses, after he had agreed to sell to Wall in consideration of and upon the surrender of a note of McKinney held by Wall. The representation was not inconsistent with a sale entirely on credit, with title retained as security for the purchase money, and did not

warrant a conclusion that it was not thus held; for, if such had been the case, Wall alone would have been authorized to make a lease of it. While Gill was warranted in concluding that McKinney had no interest which would authorize him to make a lease, we do not think he was justified in assuming that McKinney had no interest at all, or could purchase without further inquiry in faith of such assumption.

The statements to Reutzel, so far as the evidence discloses, were casual and made without inquiry from him or knowledge on part of McKinney that he contemplated a purchase. They are wholly insufficient to work an estoppel.

Affirm.